IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-373-1H
No. 5:17-CV-220-H

UNITED STATES OF AMERICA,        )
                                 )
                                 )
                                 )
    v.                           )
                                 )     **ORDER**
                                 )
TERRELL RICKY SETTLES,           )
                                 )
    Defendant.                   )
                                 )

This matter is before the court on the government's motion to dismiss, [DE #215], petitioner's pro se motion to vacate under 28 U.S.C. § 2255, [DE #204]. Petitioner has filed a response, [DE #218]. Petitioner has additionally filed the following: (1) a letter inquiring as to the status of his § 2255 motion, [DE #207]; (2) a letter requesting a recommendation for placement in a halfway house or home confinement, [DE #243]; (3) a duplicate letter requesting a recommendation for placement in a halfway house or home confinement, [DE #244]; (4) a motion to compel, [DE #212]; (5) a request to admit additional evidence, [DE #220]; (6) a motion to amend his § 2255 motion, [DE #239]; and (7) an addendum to his § 2255 motion, [DE #240]. The motion to amend his § 2255 motion is hereby GRANTED, and the court will consider the additional explanation of plaintiff's claims as set forth in DE #220, DE #239

and DE #240. The time for further filing has expired. This matter is ripe for adjudication.

**BACKGROUND**

On February 8, 2016, without a signed Memorandum of Plea Agreement, petitioner pled guilty to possession with intent to distribute a quantity of methamphetamine and a quantity of heroin, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C) and 18 U.S.C. § 2 (Count One); maintaining a place for manufacturing, distributing, and using methamphetamine and heroin, and aiding and abetting, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count Two); and possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three). Petitioner was sentenced by this court to a total term of imprisonment of 84 months on June 15, 2016. Petitioner did not appeal.

On May 8, 2017, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #204], on two grounds: (1) ineffective assistance of counsel for (a) failure of his counsel to advise him that he could enter a partial guilty plea and (b) failure of counsel to file a notice of appeal when he asked counsel to do so; and (2) actual innocence of the possession of a firearm charge (Count Three). [DE #204 at 4-5].

2

**COURT'S DISCUSSION**

I.  **Petitioner's Letters to the Court, [DE #207, DE #243, DE #244] and motion to compel, [DE #212]**

In his first letter to the court, [DE #207], petitioner inquires as to the status of his § 2255 motion. The court need not address petitioner's letter further as his § 2255 motion is addressed herein. Additionally, petitioner has filed a letter in duplicate, [DE #243 and DE #244], requesting a one-year placement in a halfway house or home confinement. However, the court does not recommend placement in a residential facility as this decision is at the discretion of the Bureau of Prisons.

Finally, petitioner filed a "motion to compel" on August 14, 2017, contending that as the government had not responded to his § 2255 filing on May 2, 2017, the court should consider the government's silence as the government's concession to petitioner's motion. The court notes the government timely filed a motion to dismiss, [DE #215], and petitioner's motion to compel, [DE #212], is DENIED AS MOOT.

II. **Petitioner's motion to vacate, [DE #204]**

The Fourth Circuit has held the allegation by a petitioner of counsel's failure to file an appeal after being requested to do so generally presents a factual issue which requires an evidentiary hearing. See United States v. Peak, 992 F.2d 39, 41 (4th Cir.

1993).  Therefore, this matter will be referred in its entirety for an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, petitioner's motion to compel, [DE #212], is DENIED AS MOOT, and petitioner's motion to amend, [DE #239], is hereby GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 8 of the Federal Rules Governing § 2255 Proceedings, petitioner's § 2255 motion is hereby referred to United States Magistrate Judge Kimberly A. Swank to conduct an evidentiary hearing on his claims and to submit a Memorandum and Recommendation ("M&R") to the undersigned concerning this matter.

The Federal Public Defender is directed to assign counsel to represent petitioner at the hearing.  After counsel has been assigned, he or she shall file a notice of appearance. Magistrate Judge Swank shall then schedule and hold an evidentiary hearing, respecting the need of counsel for both parties to have adequate time for investigation and preparation.  The clerk is directed to serve a copy of this order on the Office of the Federal Public Defender.

This 28th day of January 2020.

                                          Malcolm J. Howard
                                          Senior United States District Judge

At Greenville, NC
#35